Filed 11/19/15  P. v. Shepard CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD SHEPARD,<br><br>Defendant and Appellant. | B264924<br><br>(Los Angeles County<br>Super. Ct. No. KA050021) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Salvatore T. Sirna, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2001 a jury convicted Richard Shepard of receiving stolen property and grand theft from a pawnbroker (Pen. Code § 484.1, subdivision (a)). The court found defendant had suffered five prior "strike" convictions. The trial court sentenced defendant to two concurrent terms of 25 years to life, pursuant to the "Three Strikes" law. This court affirmed the judgment on appeal. (*People v. Shepard* (Jan. 4, 2002, B148640 [nonpub. opn.].) In March of 2015, defendant filed a petition to recall his sentence pursuant to Penal Code section 1170.18, enacted as part of Proposition 47. After obtaining the court file from defendant's trial, the trial court denied that petition, noting that defendant's commitment offenses involved multiple pieces of gold and diamond jewelry and gold coins, with a value in excess of $950, thus making him ineligible for relief under Proposition 47.

Defendant appealed and we appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. On September 23, 2015, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.) Defendant had the burden of proving his eligibility for resentencing under Penal Code section 1170.18, which required him to establish the value of the loss underlying his commitment offenses. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.) He failed to do so.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.