Filed 8/11/15; pub. order 8/20/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067605 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF138991) |
| TIMOTHY WAYNE SHEROW, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside, Becky Lynn Dugan, Judge. Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

Timothy Wayne Sherow was originally convicted of nine counts of second degree burglary (Pen. Code,[1] § 459) arising from offenses committed in 2007. (Case No. D056988.)[2] He admitted eight prison priors (§ 667.5, subd. (b)) and one strike prior (§ 667, subds. (b)-(i)). Sherow was sentenced to a determinate term of 19 years four months. On appeal this court reversed counts 7 through 10 for instructional error. However, since the counts had been sentenced concurrently the reversal did not impact the sentence. (*People v. Sherow, supra,* 196 Cal.App.4th at pp. 1311-1312.)

In November 2014, Sherow filed a petition for resentencing of all five remaining counts of second degree burglary pursuant to Proposition 47. The prosecutor opposed the resentencing contending the loss exceeded $950. The court found Sherow did not qualify for relief because the loss exceeded $100,000.

Sherow appeals challenging only the decision as to counts 1 and 2. He contends the record does not show the loss as to each count exceeded $950 and thus the two counts should be resentenced as misdemeanors. Sherow's petition sought resentencing as to all five counts without any separate discussion of the counts, no reference to facts or evidence and no argument. The People contend that Sherow had the burden under section 1170.18 to show the losses as to counts 1 and 2 did not exceed $950. We agree with the People that Sherow had the burden to show the property loss in each of those counts did not exceed $950 and thus fell within the new statutory definition of

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     This court has taken judicial notice of the record in D056988. (*People v. Sherow* (2011) 196 Cal.App.4th 1296.)

shoplifting. We are satisfied that Sherow's blanket request for resentencing on all counts without any effort to deal with those which might have involved less than $950 or to discuss any facts surrounding the offenses, was fatally defective. Thus the trial court properly denied the petition.

STATEMENT OF FACTS

We set forth the facts, taken from the previous appeal, only to provide context for our discussion. Accordingly, we will adopt the respondent's summary for convenience.

On July 31, 2007, Officer Cisneros with the Riverside County Police Department's burglary and auto theft unit conducted undercover surveillance on appellant because he was suspected of large scale DVD thefts. Officer Cisneros observed appellant enter a Ross department store, go the men's apparel section, select several pieces of clothing off the rack, "roll it up in a really tight roll," place it in his waistband, and leave the store without paying. Officer Cisneros then watched appellant go to his vehicle, place the stolen goods in the back seat, and drive off.

Thereafter, Officer Cisneros followed appellant to an AJ Wright store. Officer Cisneros witnessed appellant steal more men's clothing in the same manner as he did at Ross. After appellant left AJ Wright without paying for the merchandise he tucked into his waistband, Officer Cisneros followed him to Walmart. While appellant was inside Walmart, Officer Cisneros looked inside appellant's car and saw the items appellant had taken from Ross and AJ Wright in plain view on the back seat. During appellant's theft excursion, he was with a female that was conducting counter surveillance for him.

3

DISCUSSION

Sherow contends his blanket request to reduce his convictions to misdemeanors, without any discussion or elaboration placed the burden on the prosecution to first, discern he was only potentially eligible for Proposition 47 relief on counts 1 and 2. He further contends the prosecution had the burden to prove Sherow was not eligible for resentencing. The People, on the other hand contend the initial burden was on Sherow to prove his eligibility for resentencing in this case by showing the value of the stolen property in each of counts 1 and 2 was under $950.

Much like the three strikes resentencing law (Prop. 36) Proposition 47 does not explicitly allocate a burden of proof. However, as we will discuss, applying established principles of statutory construction we believe a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing. In such cases, it is important to keep in mind a person, like Sherow, was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bear the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence. As we will discuss, the petition is devoid of any information about the offenses for which Sherow seeks resentencing.

A.  Legal Principles

No facts were presented in the trial court. Thus our review of this appeal is based solely on our interpretation of the statute, which we review de novo.

4

Proposition 47, which is codified in section 1170.18, reduced the penalties for a number of offenses. Among those crimes reduced are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5. Shoplifting is now a misdemeanor unless the prosecution proves the value of the items stolen exceeds $950. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091*; People v. Contreras* (2015) 237 Cal.App.4th 868, 889-891.)

Section 1170.18 creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. Section 1170.18, subdivision (b) provides in part: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria for subdivision (a)." Under subdivision (b) a person who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be sentenced to a misdemeanor (subject to certain exclusions not relevant here). If Sherow establishes the thefts in each of counts 1 and 2 were of a value of less than $950, he would be entitled to resentencing, absent any statutory exclusions. The question is who has the burden of proof.

In their published work on Proposition 47, Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow concluded the petitioner for resentencing under Proposition 47 bears the burden of proof as to eligibility. "The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18(a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have

been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the burden of proving the value of the property did not exceed $950." (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (Feb. 2015), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of August 10, 2015] p. 40.)

As an ordinary proposition: "A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." (*Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3; Evid. Code, § 500.)

Sherow contends it would violate due process to place the initial burden of proof on him to show eligibility for resentencing. His arguments, however, are directed to principles regarding proof of guilt of an alleged crime. The cases he cites dealing with such matters as the burden of proof to prove the crime of grand theft, address the question of whether in the initial prosecution for certain alleged crimes, the People must prove the amount of the theft meets the criteria for the offense. (*People v. Love* (2008) 166 Cal.App.4th 1292, 1301.)

The difficulty with a due process argument based on the prosecutor's burden of proof in the initial prosecution for an offense is that the resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt. Under this remedial statute, a petitioner is claiming the crime

6

for which the person has been convicted, would be a misdemeanor if tried after the enactment of the proposition.

## B.  Analysis

As we have discussed, the petition here gave virtually no information regarding Sherow's eligibility for resentencing.  Indeed, it lumped all five counts together without discussion or analysis.  We think it is entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based.

Applying the burden to Sherow would not be unfair or unreasonable.  He knows what kind of items he took from the stores in counts 1 and 2.  At the time of trial it was not necessary for the prosecution to prove the value of the loss to prove second degree burglary.  Thus there is apparently no record of value in the trial record.

A proper petition could certainly contain at least Sherow's testimony about the nature of the items taken.  If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.  (*People v. Bradford* (2014) 227 Cal.App.4th 1332, 1341.)

The petition at issue in this case gave the trial court no information about eligibility or even the actual counts about which there may have been a question of eligibility for resentencing.  On a proper petition Sherow may be able to show eligibility on counts 1 or 2 or both, but he has not done so on this record.

7

DISPOSITION

The order denying Sherow's petition for resentencing is affirmed without prejudice to subsequent consideration of a properly filed petition.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.

Filed 8/20/15

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE


THE PEOPLE,

Plaintiff and Respondent,

v.

TIMOTHY WAYNE SHEROW,

Defendant and Appellant.

**D067605**

**Riverside County No. RIF138991**


THE COURT:

The opinion in this case filed August 11, 2015 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), respondent's request pursuant to California Rules of Court, rule 8.1120(a), for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.


Huffman, Acting Presiding Justice


cc: All Parties