Filed 11/19/15  P. v. Vernon CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TIMOTHY PAUL VERNON,<br><br>    Defendant and Appellant. | H042231<br>(Santa Clara County<br>Super. Ct. No. C1473437) |

Appellant Timothy Paul Vernon appeals from an order denying his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for resentencing.  As set forth below, we conclude that the trial erred in ignoring the plain language of Penal Code section 490.2, which was added by Proposition 47, and we will reverse.

**BACKGROUND**

On January 15, 2014, the Santa Clara County District Attorney filed a complaint charging appellant with vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5; count 1), receiving a stolen motor vehicle with a prior conviction (Pen. Code, §§ 496d/666.5; count 2), recklessly evading a peace officer (Veh.

Code, § 2800.2, subd. (a); count 3), possession of burglary tools (Pen. Code, § 466; count 4), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1); count 5).

On June 10, 2014, appellant pleaded no contest to vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/Pen. Code, § 666.5; count 1) and recklessly evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 3).[1] The prosecutor dismissed the remaining counts charged in the complaint. On August 29, 2014, the trial court sentenced appellant to a two-year prison term for the vehicle theft and a consecutive eight-month prison term for the reckless evasion.

On February 27, 2015, appellant filed a petition for resentencing under Proposition 47. The petition requested recall of the felony sentence for the vehicle theft and resentencing as a misdemeanor. In support of the petition, appellant filed a brief regarding the applicability of Proposition 47 to violations of Vehicle Code section 10851. The brief alleged that the vehicle appellant stole was worth less than $950, and that appellant should thus be resentenced as a misdemeanant.

The trial court denied appellant's resentencing petition on April 6, 2015. In denying the petition, the trial court explained that appellant was ineligible for resentencing due to "the lack of any effect of Proposition 47 on violations of Vehicle Code Section 10851."

Appellant now appeals from the order denying his petition for resentencing.[2]

---

[1] The Attorney General characterizes appellant's Vehicle Code section 10851 conviction as "unauthorized taking or use of a vehicle," not as vehicle theft. The Attorney General's characterization of appellant's crime conflicts with the record. Count one of the complaint charged appellant with "VEHICLE THEFT WITH A PRIOR CONVICTION." (Capitalization in original.) Appellant pleaded no contest to count one, and the plea form described that offense as "Auto theft w/prior."

[2] Appellant requested that we take judicial notice of the ballot arguments in the Voter Information Guide for Proposition 47. We grant the request for judicial notice. Both parties requested permission to file supplemental letter briefing regarding *People v.*

2

Appellant urges us to reverse the order denying his petition for resentencing, arguing that the trial court erred in finding him ineligible for resentencing under Proposition 47. Appellant's argument is twofold. He first asserts that "the voters intended all thefts involving property valued under $950 to be treated as misdemeanors." He next asserts that it violates equal protection principles to deny misdemeanor sentencing to a conviction for "stealing a vehicle worth less than $950." As explained below, we conclude that the trial court erred in ignoring the plain language of Penal Code section 490.2, and we will reverse.[3]

Proposition 47 "reduced the penalties for a number of offenses." (*Sherow, surpra,* 239 Cal.App.4th at p. 879.) Appellant's argument relies on Penal Code section 490.2, which was added by Proposition 47. Penal Code section 490.2 provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).)

Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18

---

*Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), and both parties submitted such briefing along with their requests. We grant both parties' requests to file supplemental letter briefing, and we have considered such briefing in reaching our holding.

[3] In light of our conclusion that the trial court erred in ignoring the plain language of Penal Code section 490.2, we need not address appellant's equal protection argument.

specifies that a person may petition for resentencing in accordance with Penal Code section 490.2. (Pen. Code, § 1170.18, subd. (a).)

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

Here, appellant's entire argument is premised on the assumption that the vehicle he stole was valued at $950 or less. Appellant's assumption regarding the value of the stolen vehicle is based on the following assertion in his brief supporting the petition for resentencing: "[Appellant] was convicted of violating Vehicle Code section 10851 involving a 1993 Honda Accord with approximately 170,238 miles. According to Kelly Blue Book, the trade in value for that particular vehicle ranges from $228 to $522, and sale to a private party is approximately $907 for a vehicle in fair condition."

Appellant's assertion regarding the stolen vehicle's value, without any evidence supporting it, did not prove that the vehicle was worth $950 or less. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper petition for resentencing could "at least" contain the petitioner's testimony regarding the stolen item].) Although appellant's offer of proof regarding the vehicle's value was imperfect, the trial court did not even consider it. That was error.

The trial court incorrectly concluded that vehicle theft convictions pursuant to Vehicle Code section 10851 do not fall within the purview of Proposition 47. The trial court's conclusion conflicted with the plain language of Penal Code section 490.2. Penal Code section 490.2 is unequivocal: "[O]btaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (Pen. Code, § 490.2, subd. (a).) Thus, the trial court erred in concluding that appellant was ineligible for resentencing without even considering appellant's offer of proof regarding the value of the vehicle he stole. We reverse and remand the matter so that appellant may perfect his offer of proof regarding the value of the stolen vehicle, the trial court can determine the value of the vehicle, and the trial court may resentence appellant as a misdemeanant if the vehicle was in fact worth $950 or less.

## DISPOSITION

The order denying appellant's resentencing petition is reversed, and the matter is remanded for proceedings consistent with this opinion.

_____
RUSHING, P.J.

WE CONCUR:



_____
PREMO, J.




_____
MÁRQUEZ, J.




*People v. Vernon*
**H042231**

6