Filed 12/2/15  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAIME CONTRERAS HERNANDEZ,<br><br>    Defendant and Appellant. | H042042<br>(Santa Clara County<br>Super. Ct. No. C1350675) |

Appellant Jaime Contreras Hernandez appeals from an order denying his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for resentencing.

## BACKGROUND

On February 22, 2013, the Santa Clara County District Attorney filed a complaint charging appellant with vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/ Pen. Code, § 666.5), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)).  The complaint alleged one prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i)/1170.12) and four prior prison terms (Pen. Code, § 667.5, subd. (b)).

On June 5, 2013, appellant pleaded no contest to vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)/ Pen. Code, § 666.5) and resisting a peace officer (Pen. Code, § 148, subd. (a)(1)). Appellant admitted one prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i)/1170.12) and four prior prison terms (Pen. Code, § 667.5, subd. (b)).

At the sentencing hearing on August 20, 2013, the trial court sentenced appellant to four years in prison for the vehicle theft and 30 days in county jail for resisting a peace officer. The trial court struck the punishment for the prior prison terms pursuant to Penal Code section 1385, and it dismissed the charge of possession of methamphetamine.

On January 8, 2015, appellant filed a petition for resentencing under Proposition 47 (Pen. Code, § 1170.18). The petition requested recall of the felony sentence for the vehicle theft and resentencing as a misdemeanor.

On February 17, 2015, the trial court denied appellant's petition for resentencing. In denying the petition, the trial court explained: "The defendant's felony conviction in Count One, a violation of Vehicle Code Section 10851, is not one of the offenses affected by the provisions of Proposition 47 and Penal Code section 1170.18. [¶] For that reason, he is not eligible for the requested relief and the petition is denied." The court made no reference to Penal Code section 490.2, subdivision (a).

## DISCUSSION

Appellant contends that the trial court erred in finding him ineligible for resentencing under Proposition 47. His argument is twofold. He first asserts that "the voters intended all thefts involving property valued under $950 to be treated as misdemeanors." He next asserts that it violates equal protection principles to deny misdemeanor sentencing to a conviction for "stealing a vehicle of value less than $950."

Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*).) Appellant's argument relies on Penal Code section 490.2, which was added by Proposition 47. Penal Code section 490.2

2

provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (Pen. Code, § 490.2, subd. (a).)

"As an ordinary proposition: 'A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting.' [Citations.]" (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Thus, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Id.* at p. 880.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Ibid.*) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.)

Here, appellant's entire argument is premised on the assumption that the vehicle he stole was valued at $950 or less. He presented no facts or evidence in his resentencing petition, however, to show that the vehicle was worth $950 or less. Nor does the record of appellant's conviction contain any evidence showing that the stolen vehicle was valued at $950 or less. Indeed, appellant concedes that "the record does not supply evidence of the car's value." Given that the record here is silent regarding the vehicle's value, appellant has failed to demonstrate error. His own declaration of value would, in some cases, be sufficient to set the matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

**DISPOSITION**

The order denying the petition for resentencing is affirmed without prejudice to subsequent consideration of a petition that demonstrates a stolen vehicle valued at $950 or less.

_____

              RUSHING, P.J.


WE CONCUR:


_____

      ELIA, J.


_____

      GROVER, J.


*People v. Hernandez*
**H042042**

5