Filed 1/12/16  P. v. Vargas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D068097 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN201093-2) |
| JORGE VARGAS, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.


Suzanne G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In September 2005, Jorge Vargas stole more than $100 worth of avocados. In October, he entered a negotiated guilty plea to grand theft of avocados, a felony (Pen. Code,[1] § 487, former subd. (b)(1)(A)). At that time, section 487 defined grand theft as, inter alia, a taking of "money, or real or personal property . . . of a value exceeding . . . [$400]" (§ 487, subd. (a)) or "avocados . . . of a value exceeding . . . [$100]" (*id*., subd. (b)(1)(A)). In October, the court imposed a stipulated 16-month lower prison term.

In November 2014, Proposition 47 went into effect, reclassifying certain felonies as misdemeanors (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089), including theft of property valued at no more than $950 (§ 490.2, subd. (a)).[2] Proposition 47 allows persons with such felony convictions to petition for recall of sentence and resentencing (§ 1170.18, subds. (a), (b); *People v. Sherow* (2015) 239 Cal.App.4th 875, 879). In April 2015, Vargas filed a petition asking the court to designate his offense a misdemeanor, recall the sentence and resentence him (§ 1170.18). The People opposed the petition. In May 2015, the court denied the petition, concluding Vargas had failed to prove, by a preponderance of the evidence, that the value of the avocados did not exceed $950. The court stated "the police records estimate the loss in the thousands of dollars," but noted the "lack of reliability" of valuation information and

---

[1]    Further statutory references are to the Penal Code.

[2]    By then, section 487 had been amended to define grand theft as a taking of "money, labor, or real or personal property . . . of a value exceeding . . . [$950]" (§ 487, subd. (a)) or a taking "of . . . avocados . . . of a value exceeding . . . [$250]" (*id*., subd. (b)(1)(A)).

stated the information served "to prove that there is really a legitimate issue" rather than "the truth of the matter asserted."

Vargas appeals, contending the court erred by denying his petition because eligibility determinations under section 1170.18 are limited to the record of conviction and, since that record is silent concerning whether the avocados were valued at $950 or less, it must be presumed his "conviction was for the least offense punishable" (*People v. Guerrero* (1988) 44 Cal.3d 343, 352).

In the trial court, Vargas had the burden of establishing his eligibility for resentencing under section 1170.18. (*People v. Sherow, supra,* 239 Cal.App.4th at pp. 878-880.) "Applying the burden to [Vargas] would not be unfair or unreasonable. He knows [how many avocados] he took . . . ." (*Id*. at p. 880.) Vargas presented no evidence concerning how many avocados he stole or any other information that would have shed light on the value of the avocados.[3] The court properly denied his petition.

---

[3]     We need not discuss whether Vargas was required to prove the avocados were valued at $950 or less (§§ 490.2, subd. (a),  487, subd. (a)) or $250 or less (§ 487, subd. (b)(1)(A)).

DISPOSITION

The order is affirmed.


NARES, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

4