Filed 1/25/16  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JACOB JEDEMIAH LOPEZ,<br><br>    Defendant and Appellant. | H042129<br>(Santa Clara County<br>Super. Ct. No. C1485792) |

Defendant Jacob Jedemiah Lopez appeals from an order denying his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act.  On appeal, Lopez contends the trial court erred in ruling he was ineligible for resentencing.  As set forth below, we conclude that the trial court erred in ignoring the plain language of Penal Code section 490.2,[1] which was added by Proposition 47, and we will reverse.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2014, the Santa Clara County District Attorney filed a complaint charging Lopez with vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a), § 666.5; count 1), being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a), count 2), and possession of a motor vehicle master key (§ 466.5, subd. (a), count 3).  The complaint further alleged Lopez had two prison priors. (§ 667.5, subd. (b).)

---

[1] Unspecified statutory references are to the Penal Code.

On September 18, 2014, Lopez pleaded no contest to vehicle theft with a prior conviction (count 1) and being under the influence of a controlled substance (count 2). In exchange, the prosecutor agreed to dismiss the charge of possession of a master key (count 3) and the two prison prior allegations. On November 3, 2014, the trial court sentenced Lopez to three years in county jail on count 1 under section 1170, subdivision (h)(1). On count 2, Lopez was sentenced to 90 days in county jail which the trial court deemed served at sentencing.

On February 2, 2015, Lopez petitioned for resentencing under Proposition 47. The petition requested recall of the felony sentence for the vehicle theft and resentencing as a misdemeanor. In support of his petition, Lopez filed a brief regarding the applicability of Proposition 47 to violations of Vehicle Code section 10851. In that brief, Lopez alleged that the vehicle he stole, a 1987 Acura Legend, was worth less than $950, and that he should thus be resentenced as a misdemeanant.

The trial court denied the resentencing petition on March 10, 2015. At the hearing on the petition, the trial court explained that Lopez was ineligible for resentencing because "Proposition 47 and Penal Code Section 1170.18 specifically make no reference whatever [*sic*] to Vehicle Code Section 10851, and notably not to Penal Code Section 496d."

Lopez appeals the denial of his petition.[2]

## II.    DISCUSSION

Lopez argues the trial court erred in finding him ineligible for resentencing under Proposition 47, because the voters intended all thefts involving property valued under $950 to be treated as misdemeanors. He also asserts it is a violation of equal protection principles to deny misdemeanor sentencing for a conviction for stealing a vehicle worth

---

[2] Lopez requested we take judicial notice of the Voter Information Guide for Proposition 47. We granted the request for judicial notice by separate order on July 14, 2015.

less than $950. As explained below, we conclude that the trial court erred in ignoring the plain language of section 490.2, and we will reverse.[3]

Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Lopez's argument relies on section 490.2, which was added by Proposition 47 and which provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).)

Section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.) Section 1170.18 specifies that a person may petition for resentencing in accordance with section 490.2. (§ 1170.18, subd. (a).)

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow*, *supra*, 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts upon which his or her eligibility is based." (*Id*. at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the additional burden of proving the value of the property did not exceed $950.' " (*Id*. at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id*. at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.)

---

[3] In light of our conclusion that the trial court erred in ignoring the plain language of section 490.2, we need not address Lopez's equal protection argument.

Lopez's argument is premised on his assertion that the vehicle he stole was valued at $950 or less. In the brief he submitted supporting his petition for resentencing, Lopez avers that the vehicle he stole, "[a] 1987 Acura [Legend,] is likely worth under $950 as Kelley Blue book does not go back to 1987."

Obviously, this bare assertion regarding the stolen vehicle's value does not prove the vehicle was worth $950 or less. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [a proper petition for resentencing could "at least" contain the petitioner's testimony regarding the stolen item].) However, although Lopez's offer of proof regarding the vehicle's value was imperfect, it was error for the trial court to reject the petition out of hand by concluding that convictions pursuant to Vehicle Code section 10851 fall outside the scope of Proposition 47.

The trial court's conclusion in this regard conflicts with the plain language of section 490.2, as follows: "[O]btaining *any property* by theft where the value of the money, labor, real or *personal property* taken does not exceed nine hundred fifty dollars ($950) *shall* be considered petty theft and *shall* be punished as a misdemeanor . . . ." (§ 490.2, subd. (a), italics added.) Even though Vehicle Code section 10851 is not expressly referenced by Proposition 47, section 1170.18 or section 496d, a vehicle is undoubtedly personal property and thus falls within the ambit of section 490.2. If a defendant takes a vehicle with a value under $950, he must be charged under section 490.2 with a misdemeanor. The trial court erred in concluding that Lopez was ineligible for resentencing without even considering his offer of proof regarding the value of the vehicle he took.

We recognize that our analysis conflicts with that set forth in *People v. Page* (2015) 241 Cal.App.4th 714 (*Page*). In *Page*, the court determined that "Proposition 47 left intact the language in Vehicle Code section 10851, subdivision (a), which makes a violation of that statute punishable as either a felony or a misdemeanor. Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant

4

could be convicted for a felony violation of Vehicle Code section 10851." (*Id.* at p. 718.) The *Page* court also rejected the argument that the phrase "[n]otwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft" as set forth in section 490.2, subdivision (a), was sufficient to encompass Vehicle Code section 10851 within its terms. Instead, the court found that "Vehicle Code section 10851 does not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle 'with or without intent to steal.' " (*Page*, *supra*, at p. 719.)

This interpretation fails to take into account the express and unambiguous language of section 490.2, discussed above, which directs that any theft of personal property not exceeding $950 in value be treated as a misdemeanor. Accordingly, we decline to follow it.[4]

We reverse and remand the matter so that Lopez may attempt to perfect his offer of proof regarding the value of the stolen Acura Legend and the trial court can make a determination as to the value of the vehicle based on the evidence presented.

## III.   DISPOSITION

The order denying the petition for resentencing is reversed. The matter is remanded for proceedings consistent with this opinion.

---

[4] A separate panel of the Fourth District Court of Appeal has also disagreed with the reasoning of *Page*. (*People v. Gomez* (Dec. 23, 2015, E062867) __ Cal.App.4th __ [2015 Cal.App. LEXIS 1152].) *Gomez* held that if a defendant takes a vehicle with the intent to permanently deprive the owner of the vehicle, and if the value of the vehicle is $950 or less, the offense constitutes a violation of section 490.2. The Third District Court of Appeal recently agreed with *Page* in *People v. Haywood* (Dec. 30, 2015, C078609) __ Cal.App.4th __ [2015 Cal.App. LEXIS 1168]. We disagree with *Page* and *Haywood*, but agree with the reasoning of *Gomez*.

5

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.