Filed 2/17/16  P. v. Long CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062513 |
| v. | (Super.Ct.No. FVA1400030) |
| MICHAEL RIDDELL LONG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Correen W. Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette Cavalier, Elizabeth M. Carino and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Michael Riddell Long appeals from the trial court's order denying his Proposition 47 petition seeking to reduce his felony conviction for buying or receiving a stolen vehicle under Penal Code[1] section 496d, subdivision (a) to a misdemeanor under section 1170.18. For the reasons set forth below, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On January 6, 2014, a felony complaint charged defendant with evading a police officer under Vehicle Code section 2800.2, subdivision (a) (count 1); unlawfully taking a vehicle under Vehicle Code section 10851, subdivision (a) (count 2); and buying or receiving a stolen vehicle under Penal Code section 496d, subdivision (a) (count 3). The complaint also alleged three prior prison commitments pursuant to Penal Code section 667.5, subdivision (b).

Defendant pled guilty to count 3 (buying or receiving a stolen motor vehicle), and admitted the truth of a strike prior conviction.[2] In exchange, the remaining counts and allegations were dismissed, and the trial court sentenced defendant to 16 months in state prison.

On November 7, 2014, defendant filed a petition under Proposition 47 seeking to reduce his felony conviction to a misdemeanor under section 1170.18. The trial court found, and defense counsel agreed, that defendant was ineligible for relief under

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant simultaneously entered a guilty plea and admitted a strike prior in another case, No. FVA1301378. The trial court imposed the strike prior in that case.

Proposition 47 because defendant's conviction for buying or receiving a stolen motor vehicle did not meet the criteria under section 1170.18. The court, therefore, denied defendant's request. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant makes a single claim on appeal: He contends that the omission of section 496d, subdivision (a), from Proposition 47 violates the Equal Protection Clause of the California Constitution. Specifically, defendant claims that Proposition 47 violates his equal protection rights because it treats similarly situated groups—defendants convicted under section 487, subdivision (d)(1) (auto theft), and section 496, subdivision (a)—differently than those convicted of section 496d. We disagree.

A.    Overview of Proposition 47

On November 4, 2014, California voters approved Proposition 47, the "Safe Neighborhoods and Schools Act." In sum, Proposition 47: (1) requires a misdemeanor sentence instead of a felony sentence for certain drug possession offenses; (2) requires a misdemeanor sentence instead of a felony sentence for the crimes of petty theft, receiving stolen property, and forging/writing bad checks, when the amount involved is $950 or less; (3) allows a felony sentence (excluding a defendant from a misdemeanor sentence) for the crimes specified above if a defendant has a prior conviction listed under Penal Code section 667, subdivision (e)(2)(C)(iv), or a prior conviction for an offense requiring sex offender registration under Penal Code section 290; and (4) requires resentencing for defendants serving felony sentences for the crimes specified above unless the trial court finds an unreasonable public safety risk. (Voter Information Guide, Gen. Elec. (Nov. 4,

3

2014) Official Title and Summary, pp. 34, 70; see, e.g., Pen. Code, §§ 459.5, subd. (a), 473, subd. (b), 476a, subd. (b), 490.2, subds. (a), (b), 496, subd. (a), 666, subds. (a), (b); Health & Saf. Code, §§ 11357, subd. (a), 11377, subds. (a), (b).) The initiative became effective on November 5, 2014. (Cal. Const., art. II, § 10, subd. (a) ["An initiative statute or referendum approved by a majority of votes thereon takes effect the day after the election unless the measure provides otherwise"].)

Penal Code section 1170.18, subdivision (a), lists the former felonies that reduce to misdemeanors under certain conditions: Health and Safety Code sections 11350, subdivision (a), 11357, subdivision (a), and 11377, subdivision (a); and Penal Code sections 459.5, subdivision (a), 473, subdivision (b), 476a, subdivision (b), 490.2, subdivision (a), 496, subdivision (a), and 666, subdivision (b). The list does not include section 496d—buying or receiving a stolen motor vehicle. However, under Proposition 47, receiving stolen property (Pen. Code, § 496, subd. (a)) and auto theft (Pen. Code, §§ 487, subd. (d)(1), 490.2, subd. (a)) are not misdemeanors if the value of the stolen property or vehicle does not exceed $950.

### B.     Equal Protection

"""The equal protection guarantees of the Fourteenth Amendment and the California Constitution are substantially equivalent and analyzed in a similar fashion.""" (*People v. Noyan* (2014) 232 Cal.App.4th 657, 666.) The first step to establish a meritorious equal protection claim is showing the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*People v. Rhodes* (2005) 126 Cal.App.4th 1374, 1383.) If a court determines that the challenged law treats

4

similarly situated groups differently, then the court will proceed to step two of the equal protection analysis and determine what level of scrutiny is required. (*Id.* at p. 1384.) Where the party, as here, does not claim he belongs to a protected class, he must show that the "challenged classification bears [no] rational relationship to a legitimate state purpose." (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200, overruled on other grounds in *Johnson v. Dept. of Justice* (2015) 60 Cal.4th 871.) Thus, defendant has the burden to showing the lack of a rational relationship. (See *Jensen v. Franchise Tax Bd.* (2009) 178 Cal.App.4th 426, 436 ["the party challenging the constitutionality of a state law must "'negat[e] every conceivable basis which might support it'""].)

To prove an equal protection violation, defendant must first demonstrate that he is in a class of offenders against whom Proposition 47 discriminates. Defendant has failed to establish this.

Here, defendant argues that because Proposition 47 renders receiving stolen property and auto theft as misdemeanors when the value of the stolen property or vehicle does not exceed $950, the offense of buying or receiving a stolen motor vehicle must be treated the same because there is no reasonable distinction between the crimes. In this case, however, there is nothing in the plea or a finding of fact in the record to establish that the value of the stolen vehicle was $950 or less. Nonetheless, in his reply brief, defendant claims, "[w]ithout evidentiary proof that the value of the stolen vehicle is more than $950.00, [defendant] should be afforded relief pursuant to the newly enacted Penal Code section 490.2." Defendant, however, has the burden, and he has failed to demonstrate that the value of the stolen car he received was $950 or less. (See *People v.*

5

*Sherow* (2015) 239 Cal.App.4th 875, 879-881 [holding that the burden under section 1170.18 to show the value of the item at issue did not exceed $950 lies with the petitioner].) Because the value of the stolen vehicle is unknown, defendant has failed to demonstrate that he is in a class of persons with whom he argues receive unequal treatment—those convicted of buying or receiving a stolen vehicle worth $950 or less. Defendant's equal protection argument, therefore, fails.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

6