Filed 2/29/16  P. v. Wilson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062832 & E062833 |
| v. | (Super.Ct.Nos. RIF111381, SWF002635 & SWF005083) |
| ROBERT SCOTT WILSON, JR., | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant Robert Scott Wilson, Jr., appeals from the denial of his petitions under Penal Code section 1170.18[1] for resentencing on his convictions in case Nos. RIF111381, SWF002635, and SWF005083.[2]  Defendant pled guilty to second degree burglary, receiving stolen property, transportation of methamphetamine, and admitted a strike prior.

As to receiving stolen property, defendant contends the prosecution bore the burden of establishing that the value of the stolen property as to each count exceeded $950, and that the prosecution failed to meet that burden.  As to burglary, defendant contends a storage unit facility is a commercial establishment, and his conviction therefore qualified for resentencing as a misdemeanor under section 459.5.

FACTS AND PROCEDURAL BACKGROUND

In case no. RIF111381, defendant pled guilty to second degree burglary and admitted a strike prior.  (§§ 459, 667, subds. (c), (e)(1), 1170.12, subd. (c)(1).)  He was sentenced to one year four months in state prison, to run consecutive to case Nos. SWF002635 and SWF005083.

In case No. SWF002635, defendant pled guilty to seven counts of receiving stolen property (Pen. Code, § 496, subd. (a)), one count of transportation of methamphetamine (Health & Saf. Code, § 11379), and admitted a strike prior (Pen. Code, §§ 667, subds. (c),

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Defendant does not raise any issues related to case No. SWF005083.

(e)(1), 1170.12, subd. (c)(1)). Defendant was sentenced to 17 years four months in state prison.

In case No. SWF005083, defendant pled guilty to one count of second degree burglary (§ 459), and was sentenced to one year four months in state prison. The sentence was to run consecutive to case No. SWF002635.

The court found the police reports, probation reports, and preliminary hearing transcripts, if any, provided a factual basis for the pleas.

**Petitions for Resentencing**

On November 21, 2014, defendant filed petitions for resentencing under Proposition 47 and section 1170.18. In case No. RIF111381, the trial court denied the petition because a storage unit facility is not a commercial establishment. In case Nos. SWF002635 and SWF005083, the trial court denied the petitions because the amount of loss was more than $950. Defendant filed notices of appeal in all three cases.

DISCUSSION

**Defendant Failed to Meet His Burden of Establishing the Value of the Property in Each Receiving Stolen Property Count**

In his petition for resentencing, defendant did not allege that the value of the property in each count was $950 or less, and the record does not indicate the value of the loss for any of the individual convictions of receiving stolen property. The trial court determined that the total loss exceeded $50,000. Defendant contends the prosecution bore the burden of establishing that the value of the stolen property as to each count exceeded $950, and the prosecution failed to meet that burden.

3

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the court held that it is the *petitioner's* burden to establish that the amount of property in each case was less than $950. (*Id.* at p. 878.) The court observed that although "Proposition 47 does not explicitly allocate a burden of proof," "applying established principles of statutory construction we believe a petition for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Ibid.*) The court explained that the petitioner had been validly convicted under the law applicable at the time of trial, and it was entirely appropriate, fair, and reasonable to allocate the initial burden of proof to the petitioner to establish facts upon which eligibility for relief is based because the petitioner knew what items he possessed. Thus, "[a] proper petition could certainly contain at least the [petitioner]'s testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. [Citation.]" (*Id.* at p. 880.)

Defendant attempts to distinguish *Sherow* on the ground that in that case, the defendant made a "blanket request for resentencing on all counts without specifying which counts might have involved less than $950.00 or discussing any facts surrounding the offenses," and here defendant "specified the seven counts of receiving stolen property that might have involved less than $950.00." Defendant raises a distinction without a difference. He bore the burden of establishing his eligibility for resentencing as to each individual count, and he has failed to meet that burden.

**Defendant Failed to Meet His Burden of Establishing His Eligibility for Resentencing on the Burglary Count**

As to the burglary count in case No. RIF111381, defendant contends the storage unit facility is a commercial establishment, and his conviction therefore qualified for resentencing as a misdemeanor under section 459.5.[3] Proposition 47 added section 459.5 to redefine burglaries as misdemeanor shoplifting, defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5.)

We need not reach the issue of whether a privately rented storage unit is a commercial establishment because, as with the receiving stolen property counts in SWF002635, defendant failed to meet his burden of establishing that the value of the property did not exceed $950. (*Sherow*, *supra*, 239 Cal.App.4th 878.)

---

[3] Defendant's petition for resentencing did not mention his burglary conviction. Nonetheless, the district attorney addressed the storage unit facility burglary case and opposed resentencing in that case on the ground it did not involve a commercial establishment as required for resentencing. The trial court conducted a hearing on the burglary case and denied resentencing in that case because a storage unit facility is not a commercial establishment. Despite any procedural irregularity below, the People do not oppose this court addressing the merits of the trial court's order as to the burglary case.

DISPOSITION

The orders denying defendant's petitions for resentencing are affirmed without prejudice to subsequent consideration of properly filed petitions. (*Sherow*, *supra*, 239 Cal.App.4th at p. 881.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

6