Filed 3/22/16  P. v. Willis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DONALD RAY WILLIS JR., <br><br> Defendant and Appellant. | E063652 <br><br> (Super.Ct.No. RIF1202867) <br><br> ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING [NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on March 7, 2016, is modified as follows:

1.   On page six, line one of the Disposition, delete the period after "affirmed," and add:  "without prejudice to the filing of a new request for resentencing in conformity with this opinion."

Except for this modification, the opinion remains unchanged. This modification does not affect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063652 |
| v. | (Super.Ct.No. RIF1202867) |
| DONALD RAY WILLIS JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

Arielle N. Bases under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier, and Joy N. Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, defendant and appellant Donald Ray Willis, Jr., entered a plea of guilty to a charge that he had violated Penal Code section 459[1] in a commercial burglary.[2] Defendant also admitted a "strike" prior and an allegation that the crime was gang-related within the meaning of section 186.22, subdivision (b)(1)(A). He was sentenced to the negotiated term of five years in state prison.

Following the passage of Proposition 47, entitled "the Safe Neighborhoods and Schools Act of 2014" (hereafter Proposition 47), which added section 1170.18 to the Penal Code, defendant, acting in propria persona, presented a handwritten "Petition for Modification of Sentence." In this petition, defendant simply asserted that "I fall Under the New Law of Prop 47" and asserted that "The Property was Under 900 dollars." (Capitalization and punctuation in original.)

The People opposed the motion using the standard court form, alleging that the property taken exceeded the statutory limit of $950 ("Loss 979.95").

Defendant was not present at the hearing on April 17, 2015. His counsel indicated that "The only information I have from my client is he filed this petition pro per [sic] indicating that the amount of loss was less than $900." The prosecutor responded that "It was a Nintendo 3-D handheld game system video game that was valued at $590.97, a

---

[1] All subsequent statutory references are to the Penal Code.

[2] The listed victim was Target stores.

2

pink Nintendo 3-D handheld game system of $169.99 and a PS Vista 3-D handheld video game system of $299.99." Questioned by the court, the prosecutor further affirmed that the listed figures were the retail prices for the items. Defendant's counsel had no comment or objection.

The trial court denied the motion, stating "based on the information we have in RIF1202867 [the underlying case] the he [*sic*] petition is denied. Mr. Willis is ineligible based on both the amount of the loss, and on a couple of these burglaries, he's ineligible because with the gang enhancement, they're strike offenses anyway."[3]

This appeal followed.

II

DISCUSSION

Section 1170.18 allows defendants convicted of felony offenses that were reduced to misdemeanors under other provisions of Proposition 47 to ask the court to resentence them as misdemeanants. One of the offenses previously listed as a felony was burglary under section 459. Proposition 47 added section 459.5, informally described as "shoplifting," which makes it only a misdemeanor to enter a commercial building during business hours and either steal or intend to steal property with a value less than $950.[4]

_____

[3] The People concede that the trial court erred in believing that this circumstance made defendant ineligible for resentencing. Accordingly, we need not consider the point further.

[4] "[S]hoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the

*[footnote continued on next page]*

Dispositive of this case is the decision in *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*) holding that the defendant bears the burden of proof with respect to his or her eligibility for resentencing under section 1170.18. We agree with the analysis in that case and its result.

Defendant argues that when the record of conviction is silent, a conviction must be presumed to be for the least serious offense possible, citing inter alia *People v. Guerrero* (1988) 44 Cal.3d 343, 352 (*Guerrero*). But *Guerrero* was decided in the context of the *People's* burden to show that a prior conviction qualified as a serious felony for the purpose of imposing a five-year enhancement under section 667. We agree with *Sherow* that under section 1170.18, where the defendant has already been convicted of a crime beyond a reasonable doubt, it is the defendant's burden to show that he or she is eligible for more lenient treatment and that to apply any presumption against the People would be inappropriate in this context.

It is true, as defendant argues, that in *Sherow* the defendant's petition apparently made no assertions or allegations about the value of the property taken, but instead lumped together five convictions for second degree burglary without differentiation or supporting information. (*Sherow, supra*, 239 Cal.App.4th at pp. 877, 880.) In contrast, the petition filed by defendant did contain the claim that the property taken had a value of less than $900. However, this was not evidence that the court could consider; the petition

[footnote continued from previous page]
value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, sub. (a).)

4

was not even verified. As the court in *Sherow* commented, "[a] proper petition could certainly contain at least [the defendant's] testimony about the nature of the items taken." (*Id*. at p. 880.)

Thus, defendant's petition was wholly inadequate to establish even a prima facie case that he was eligible for resentencing.

Defendant argues that the trial court erred in accepting what he characterizes as the incompetent evidence that the property taken was worth $979.95. The People respond that the record from the trial of defendant's codefendants in the same matter included testimony from Target representatives as to the price of the items taken. However, although the trial court's comments did refer to the underlying criminal matter by case number, the record does not reflect that the court had before it anything other than the prosecutor's hearsay and/or incompetent statements on value. The prosecutor's response to the petition for resentencing did not include copies of the relevant transcript pages or a request for judicial notice. Hence, we cannot find that there was sufficient evidence to establish the value of the property in the People's favor.[5]

---

[5] Respondent requests that we take judicial notice of the portions of the reporter's transcript mentioned above. We deny the request because, for the reasons stated, they are not relevant to our decision. We express no opinion as to the extent to which the trial court could rely on evidence given at the codefendants' trial; we note that defendant was not at that time a party to the case. We also note that at the time of the codefendants' trial, the value of the property was irrelevant to the burglary conviction; all the People needed to do was establish that the defendants entered the store with intent to steal. The $950 was, however, relevant to any potential grand theft conviction, as at the time of trial the statute established that figure as the cutoff between grand and petty theft.

Nevertheless, the point is not helpful to defendant because it was not the People's burden to show the value of the property.  It was his, and he failed to carry his burden and establish eligibility.

## III

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.