Filed 8/9/16  P. v. Rubio CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078738 |
| v. | (Super. Ct. No. CM000457) |
| MARCELO RUBIO, JR., | |
| Defendant and Appellant. | |

Defendant Marcelo Rubio, Jr., appeals from the trial court's order denying his application to designate a prior felony conviction for grand theft a misdemeanor (Pen. Code, § 487)[1] pursuant to section 1170.18.  He contends (1) the trial court relied on incompetent evidence (the victim's statement in the probation report) to deny his application and (2) trial counsel's failure to object to this evidence constituted ineffective

---

[1]     Undesignated statutory references are to the Penal Code.

1

assistance. We conclude defendant failed to carry his burden of proving his eligibility for redesignation of his offense. As a result, the trial court's ruling was correct regardless whether the evidence was properly admitted, and trial counsel's failure to object to its admission could not prejudice defendant. We affirm the trial court's order.

## BACKGROUND

In 1991, defendant was charged with grand theft for the act of stealing a boat motor. He pleaded no contest to the charge and was sentenced later that year to serve a three-year prison term. Defendant initialed a section of the plea form allowing the trial court to take the factual basis of the plea from "probation reports, police reports or other source as deemed necessary."

According to the probation report, on June 7, 1991, defendant and another man stole the motor from a boat that was parked on a street with a "For Sale" sign attached. The victim reported the motor was worth $1,500.

In December 2014, defendant filed an application for designation of the theft offense as a misdemeanor. The trial court denied the motion, finding defendant was ineligible because the motor he stole was worth $1,500.

## DISCUSSION

### I

### *Trial Court's Denial of Defendant's Application*

The passage of Proposition 47 created section 1170.18, which provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to

2

have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, Proposition 47 added section 490.2, which states: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 490.2, subd. (a).)

Defendant contends the trial court's denial of his application must be reversed because it relied on incompetent evidence to find the value of the item stolen rendered him ineligible for relief. He asserts the victim's statement in the probation report that the motor was worth $1,500 could not be used to disqualify him because the probation report was not part of the record of conviction, and in any event, was inadmissible hearsay.

We need not determine whether the statement is admissible because defendant's argument is premised on a misunderstanding of his burden in section 1170.18 proceedings. As the text of section 1170.18, subdivision (f), makes clear, defendant is the applicant (or petitioner) in a redesignation hearing under this statute. "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he [or she] is asserting." (Evid. Code, § 500.) Therefore, "a petitioner for resentencing under

3

Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)

Defendant claims the declaration in his application that the motor was worth less than $950 satisfied his burden. Not so. Defendant's bare statement as to value in the application is the equivalent of an allegation in a complaint. Just as the plaintiff has the burden of proving every allegation in the complaint in a civil case (*Morris v. Williams* (1967) 67 Cal.2d 733, 760), defendant has the burden of proving the allegation that the motor was worth $950 or less.

Defendant presented no evidence of the motor's value. Thus, his application was properly denied without reference to the victim's statement. It is well established that "a ruling or decision, itself correct in the law, will not be disturbed on appeal merely because given for a wrong reason." (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

## II

### *Failure to Object to Victim's Statement*

Defendant also claims trial counsel was incompetent in failing to object to the trial court's reliance on the victim's statement.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate his or her trial counsel's representation fell below an objective standard of reasonableness and the defect prejudiced defendant in that there is a reasonable probability, but for the deficiency, defendant would have obtained a more favorable result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693-694]; *People v. Williams* (1997) 16 Cal.4th 153, 214-215.)

Here, defendant did not meet his burden of proving the motor was worth $950 or less because he did not present any evidence of the motor's value with his application. As a result, the trial court's ruling was correct regardless of whether the victim's

4

statement was properly admitted, and trial counsel's failure to object to its admission could not prejudice defendant.

DISPOSITION

The judgment (order) is affirmed.


         /s/          
HOCH, J.

We concur:


     /s/     
BLEASE, Acting P. J.


     /s/     
ROBIE, J.