Filed 4/8/16  P. v. Martinez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ABEL RUBEN MARTINEZ,<br><br>    Defendant and Appellant. | B262733<br><br>(Los Angeles County<br>Super. Ct. No. NA089993) |

APPEAL from an order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Abel Martinez filed a petition for resentencing under Proposition 47, the Safe Neighborhood and Schools Act (hereafter Proposition 47). The trial court denied the petition. We affirm.

## FACTS

In 2011, Martinez pled nolo contendere to a felony grand theft auto in violation of Penal Code section 487, subdivision (d)(1).[1] Martinez also admitted a prior strike conviction. The trial court sentenced Martinez to a total aggregate term of four years in state prison as follows: a two-year mid-term, doubled for the prior strike.

On November 4, 2014, the voters of California passed Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 reclassified certain felony offenses so that they are now misdemeanor offenses. Further, Proposition 47 added certain misdemeanor offenses to the Penal Code where, previously, the criminal conduct could have been charged as a felony.

As relevant to Martinez, Proposition 47 added section 490.2 to the Penal Code. Section 490.2, subdivision (a), provides in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the . . . personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." Prior to Proposition 47, section 487, subdivision (d)(1), provided that a felony grand theft occurred when the property taken was an automobile, regardless of its actual value. After the approval of Proposition 47, section 487, subdivision (d)(1), still reads the same, but its definition of the crime of grand theft plainly is subject to the modification effected by section 490.2, subdivision (a).

In addition to the reclassification of certain crimes, Proposition 47 enacted a new sentencing provision — section 1170.18 — under which a person who is serving a felony sentence for an offense that is today a misdemeanor may file a petition to be resentenced for the misdemeanor offense.

---

[1] All further undesignated section references are to the Penal Code.

2

Martinez filed a Proposition 47 petition in the trial court, requesting that he be resentenced as a misdemeanant. The petition did not include a supporting declaration or other evidence showing any facts concerning the value of the automobile he stole. Thereafter, Martinez delivered a standardized Proposition 47 petition to the trial court, indicating that he had been convicted of "grand theft" in violation of "section 487" in October 2011, and identifying two other prior convictions as follows: a 1999 conviction for receiving stolen property (§ 496, subd. (a)) and a 1999 conviction for forgery (§ 475). The Public Defender was appointed to represent Martinez.

The trial court denied Martinez's Proposition 47 petition, finding the value of the property involved in Martinez's 2011 grand theft auto conviction exceeded Proposition 47's $950 eligibility limit.[2]

Martinez filed a timely notice of appeal.

## DISCUSSION

Martinez contends the trial court's decision to deny his Proposition 47 petition must be reversed because the People did not prove that the value of the stolen auto was more than $950. He argues the trial court should have applied a rebuttable presumption that the auto was worth less than $950, and that the People did not present evidence to overcome the presumption. We find no error.

Section 1170.18 is silent on burden of proof matters on a Proposition 47 petition. It does not specify whether the petitioner must prove his eligibility for resentencing or whether the People must prove his ineligibility for resentencing. Further, Proposition 47 does not prescribe the applicable burden of proof, for example, beyond a reasonable doubt or preponderance of the evidence.

---

[2] The trial court's minute order includes language stating the following: "Pursuant to stipulation [the] defendant is ineligible for the relief requested." This does not appear to be wholly accurate. When the court called Martinez's matter for hearing, his counsel simply gave her appearance and "submitted" based on Martinez's petition. When the court asked for the prosecutor's position, she stated: "The value of the car was $2,000." The court then ruled: "Petition for resentencing is denied. The value of the car exceeds $950. It's not eligible under Prop 47."

3

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the trial court denied a petition pursuant to Proposition 47 seeking resentencing on multiple convictions for the offense of commercial burglary in violation of section 459. Division One of the Fourth District Court of Appeal affirmed, holding that a Proposition 47 petitioner bears the burden of proof to establish that he is eligible for resentencing by showing that the value of property involved in an offense did not exceed $950, and finding the petition at issue gave "virtually no information regarding [the petitioner's] eligibility for resentencing." (*Sherow, supra,* at pp. 879-880.) Division One affirmed the denial of the petition "without prejudice to subsequent consideration of a properly filed petition." (*Id*. at p. 881.) *Sherow* was decided on August 11, 2015. There was no petition for review to the Supreme Court.[3]

We find that *Sherow* provides sound guidance for Proposition 47 petitions. Further, in accord with *Sherow*, we affirm the trial court's decision to deny Martinez's Proposition 47 petition. Martinez failed to meet his burden of proof as to the value of the auto that he took, regardless of the standard of the burden of proof that is applied. This is true because his petition showed no facts about the crime or the value of the car. As did the Court of Appeal in *Sherow*, we affirm the denial of Martinez's Proposition 47 petition "without prejudice to subsequent consideration of a properly filed petition."

Martinez's discussion of evidentiary presumptions and the burden of proof, based on *People v. Guerrero* (1988) 44 Cal.3d 343, 352 (*Guerrero*), and related cases, does not persuade us to reject *Sherow*. In *Guerrero*, the Supreme Court addressed the issue of the type and scope of evidence that is allowed to prove a prior serious felony conviction allegation at a criminal trial. On that issue, the court held: "[I]n determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction," rejecting the rule that only "matters necessarily established by the prior judgment of conviction" may be considered. (*Id*. at pp. 345, 348-356.)

---

**3**    According to Division One's docket as available at its publicly accessible website, the remittitur issued in *Sherow* on October 21, 2015.

4

In the course of its discussion in *Guerrero*, the court reviewed a much earlier case, *In re McVickers* (1946) 29 Cal.2d 264 (*McVickers*), to set a historical context for addressing the issue in *Guerrero*. In *McVickers*, a defendant filed a petition for writ of habeas corpus to challenge findings made at trial that a Utah conviction and a federal conviction qualified as prior convictions within the meaning of then-existing section 644.[4] The court in *Guerrero* explained that the following rule emerged from *McVickers*: "[T]he court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*Guerrero, supra*, 44 Cal.3d at pp. 354-355.)

We find the distinct statutory schemes and issues that were involved in *Guerrero* to be unhelpful in examining Proposition 47. We find convincing *Sherow*'s reasoning that, because a Proposition 47 petitioner is making an affirmative claim for relief, he has the burden of proof as to each fact that is essential to his or her claim. (*Sherow, supra*, 239 Cal.App.4th at p. 875.) Further, we agree with *Sherow* that placing the burden of proof on a Proposition 47 petitioner does not violate due process principles. (*Id*. at pp. 875-876.)

## DISPOSITION

The trial court's order denying Martinez's Proposition 47 petition is affirmed without prejudice to consideration of a petition properly supported by a showing that he is eligible for resentencing in accord with the Act.

BIGELOW, P.J.

We concur:

FLIER, J.          GRIMES, J.

---

[4]      Section 644 has long since been repealed and replaced with more recent prior conviction statutes. The language of section 644 as it existed at the time of *McVickers* may be viewed at Statutes 1941, chapter 106, section 10, at page 1082.