Filed 2/22/16  P. v. Rodriguez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042101 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1244101) |
| v. | |
| JUAN RODRIGUEZ, | |
| Defendant and Appellant. | |

Appellant Juan Rodriguez appeals from an order denying his petition for Proposition 47 resentencing.  On appeal, appellant contends that the trial court erred in ruling that he was ineligible for Proposition 47 relief.

### BACKGROUND

On February 28, 2013, appellant pleaded no contest to theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)) and admitted one prior strike (Pen. Code, §§ 667, subds. (b)-(i)/1170.12).  On May 2, 2013, the trial court sentenced appellant to 32 months in prison.

On December 23, 2014, appellant filed a petition for Proposition 47 resentencing. The trial court denied the petition on February 23, 2015.  In denying the petition, the trial court stated that appellant was ineligible for resentencing because a violation of Vehicle Code section 10851 "is not one that is subject to the resentencing provisions" of Proposition 47.

## DISCUSSION

Appellant contends that the trial court erred in ruling that he was ineligible for Proposition 47 resentencing. His argument is twofold. He first asserts that voters "intended that violations of Vehicle Code section 10851 be included in the reforms of Proposition 47" where the value of the vehicle involved in the offense "does not exceed $950." (Capitalization omitted.) He next asserts that it violates equal protection principles to deny Proposition 47 relief to a Vehicle Code section 10851 conviction involving a "vehicle of value less than $950." As set forth below, we must affirm.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)).

Appellant's argument relies on Penal Code section 490.2, which was added by Proposition 47. Penal Code section 490.2, subdivision (a) provides, in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18, subdivision (a) specifies that a person may petition for resentencing in accordance with Penal Code section 490.2

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The

2

petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

Here, appellant's entire argument is premised on the assumption that the vehicle involved in his offense was valued at $950 or less. Nothing in the record, however, shows that the vehicle was worth $950 or less. Appellant therefore has not affirmatively demonstrated error, and we must affirm.

Appellant's assumption regarding the value of the vehicle is based on the following assertion in the bench brief that accompanied his Proposition 47 petition: "On May 2, 2013, [appellant] was convicted of violating Vehicle Code section 10851 involving a 1996 Honda Accord with over 200,000 miles. According to Kelly Blue Book, the trade in value for that particular vehicle ranges from $220 to $529." Such a bare assertion regarding the vehicle's value, without any evidence supporting it, is insufficient to establish the vehicle's value. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition could contain "at least" the petitioner's testimony

3

regarding the stolen item].) Even if we accept appellant's bare assertion as true, it does not show that the vehicle was worth $950 or less. The value of a stolen item is measured by the fair market value of the item at the time and place of its theft. (*People v. Pena* (1977) 68 Cal.App.3d 100, 102-104; Pen. Code § 484, subd. (a); CALCRIM No. 1801.) The assertion in the bench brief—which provided only a "trade in value" that was not linked to a particular time and place—was insufficient to demonstrate that the value of the vehicle was $950 or less.

Additionally, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), appellant contends that he did not bear the "initial burden of proof to show eligibility for resentencing." *Apprendi* held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. (*Id.* at p. 490.) Appellant's reliance on *Apprendi* is unavailing. "The question presented by [appellant's] resentencing petition was not whether to increase the punishment for his offense, but whether he was eligible for a potential reduction of his sentence." (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 451.) Thus, contrary to appellant's assertion, *Apprendi* does not compel us to conclude that appellant did not bear the initial burden of proof regarding the vehicle's value.

In sum, because the record does not show that the vehicle involved in appellant's offense was worth $950 or less, appellant has failed to demonstrate error, and we must affirm. We will affirm without prejudice. We note that a petition containing a declaration regarding the fair market value of the vehicle could be sufficient to set the matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

4

**DISPOSITION**

The order denying appellant's Proposition 47 petition is affirmed without prejudice to subsequent consideration of a petition that demonstrates a vehicle valued at $950 or less.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

MÁRQUEZ, J.

6