Filed 6/15/16  P. v. Moore CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NICOLAS BENJAMIN MOORE,<br><br>        Defendant and Appellant. | E063358<br><br>(Super.Ct.No. INF1400898)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Victoria E. Cameron, Judge.  Affirmed.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

I

INTRODUCTION

Defendant Nicolas Benjamin Moore appeals an order denying a petition to recall his four-year sentence for receiving stolen property, with a strike prior, and for resentencing as a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, §§ 1170.18, 496, subd. (a), 667, subd. (a)-(d).)[1] Defendant contends the trial court erred in finding that the value of the stolen property exceeded $950, thereby disqualifying defendant from resentencing under Proposition 47.

We conclude defendant did not meet his burden of establishing that the value of the stolen property did not exceed $950. The trial court therefore did not err in denying defendant's motion for resentencing, and the judgment is affirmed.

II

FACTS AND PROCEDURAL BACKGROUND

In September 2014, defendant pled guilty to a single count of felony receiving stolen property and admitted one prior strike conviction[2] in exchange for imposition of a four-year sentence (the middle term, doubled for the strike prior) and dismissal of defendant's remaining prior convictions and prison priors. The trial court imposed the four-year sentence in October 2014.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

[2] Sections 496, subdivision (a), 667, subdivisions (b)-(i).

In November 2014, the electorate passed Proposition 47. Defendant filed a petition for resentencing under Proposition 47. The People opposed the petition, asserting that the value of the stolen property at issue, consisting of a wallet, checkbook, and credit card, exceeded $950. The trial court set the matter for a hearing on the value of the stolen property.

Defendant, represented by counsel, filed points and authorities in support of his petition for resentencing. Defendant argued that the record of conviction established that the stolen credit cards were of no value to anyone except the account holder and the record was devoid of any evidence which would disqualify defendant from resentencing. Defendant disagreed that the credit card limit was the value of the credit card, because the available credit could have been far less. Also, once a stolen credit card is reported stolen, the account is frozen and the card cannot be used by anyone. Defendant noted that, even before this happens, banks are quick to detect unauthorized use and freeze the account. Defendant argued the courts look to the fair market value of the item, not the value to the owner.

The People filed opposition, arguing that the card had value beyond the plastic from which it was made. Credit cards are stolen for the purpose of using them up to the credit limit, which should therefore serve as the measure of the value of the card. The People added this same manner of determining value applies to the stolen checks. The balance in the checking account would determine the value of the stolen checks.

In response, defendant filed supplemental points and authorities, attaching an article discussing the value of stolen credit cards. The article states that the value is not

3

how much credit is available on the credit card, but the extent to which the credit card is being used fraudulently.  The brief article concludes the value of a credit card on the black market is only $3.50.[3]

During the hearing on defendant's resentencing petition, the trial court noted defendant had the burden of proof.  The court stated that, had the crime been prosecuted at the time of the resentencing hearing, it would have been a felony.  The court concluded defendant did not meet his burden of proof in establishing that the value of the stolen property did not exceed $950.

The court stated it agreed with the People that a credit card is worth more than the plastic it is made of.  Otherwise no one would bother stealing a credit card.  Credit cards "are stolen for the credit limit as are the checks."  The court found, based on the listed credit limits of each of the stolen items, that "the credit card and the checks, the book of checks, they each in and of themselves carry a value in excess of $950."  The court also noted that, in order for defendant to have pled guilty to the felony of receiving stolen property, the value of the stolen property would have exceeded $950.  The court believed the attorney representing defendant when he pled guilty would not have permitted defendant to plead guilty to felony receipt of stolen property if defense counsel thought the value of the stolen property was less than $950.

Defendant's attorney, Alex Hallowell, stated that he was not certain of either the credit limit on the stolen credit card or the remaining available credit on the card.

---

[3] The reliability of the article is questionable.  The publisher of the 2011 article is not identified.  The author is "bryanh."  The article is dated December 27, 2011.

4

Hallowell stated that what mattered was that defendant did not use the credit card and was not charged with doing so. He was only charged with possessing the credit card. Hallowell added there is case law that holds that the value of a stolen item is the fair market value; that is, what the item can be sold for on the open market. Hallowell believed a credit card could not be sold on the open market for the value of the card's credit limit. He believed that the amount someone would pay for a credit card would be somewhat less than that. The prosecutor at the resentencing hearing, Kristi Hester, argued the stolen property exceeded $950 in value, as asserted in the People's opposition.

The court noted that the issue was whether the credit card limit was the value of the card. Hallowell responded he did not know what the value of the credit card was, what the credit card limit was, or how much credit was available on the credit card. Hallowell added that defendant was not convicted of using the credit card or checks. He was only convicted of possession.

The trial court denied defendant's resentencing petition, finding that the value of the credit card, wallet, and checks exceeded $950. The court explained that defendant did not possess the credit card just for the plastic. He possessed it because it had value because of the credit card limit.

III

DISCUSSION

Defendant contends the record does not show that the value of the stolen property associated with his conviction for receipt of stolen property exceeded $950. The stolen property consists of a wallet and checkbook, and their contents, including a credit card

5

and checks. Defendant further contends there was no loss because defendant did not use the stolen credit card or checks. The People argue the stolen property had monetary value and defendant did not meet his burden of establishing the value did not exceed $950.

## A. *Applicable law*

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18, subd. (a).) A person seeking resentencing under section 1170.18 must show he or she fits the criteria in subdivision (a). If the person satisfies the criteria, the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Section 1170.18, subdivision (b) provides in part: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a)." "Under subdivision (b) a person who satisfies the criteria in subdivision (a) of section 1170.18 shall have his or her sentence recalled and be sentenced to a misdemeanor (subject to certain exclusions not relevant here)." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) The statutory criteria a defendant must establish for resentencing "are that the 'person [is] currently serving a sentence for a

6

conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense . . . .' (§ 1170.18, subd. (a).)" (*People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309.)

Defendant has the burden of proof of establishing that the stolen property's value does not exceed $950. (*People v. Sherow, supra,* 239 Cal.App.4th at pp. 878, 880.) We review the trial court's legal conclusions de novo and its findings of fact for substantial evidence. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136.) "The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief," including whether the value of the property involved is less than $950. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

*B.  Analysis*

Here, the trial court appropriately conducted an evidentiary hearing to determine the value of the stolen property. Defendant failed to present admissible evidence at the hearing establishing the actual property value of the stolen property. We recognize that proving the value of stolen credit cards and checks may be difficult. Nevertheless, defendant has the burden of doing so in order to prevail on his petition for resentencing. Defendant argues the trial court erroneously disqualified him from resentencing by speculating as to the actual value of the credit card. It was undisputed that the credit limit on the stolen credit card exceeded $950, and that defendant had not used the stolen credit card or checks. Defendant argues the credit card limit or amount of available credit left on the card does not establish the value of the credit card.

Citing jury instruction CALJIC No. 14.26, the court in *People v. Pena* (1977) 68 Cal.App.3d 100, 102 defined the value of stolen property as fair market value of the stolen items: "'Fair market value is the highest price, estimated in terms of money, for which the property would have sold in the open market at that time and in that locality, if the owner was desirous of buying but under no urgent necessity of doing so, if the seller had a reasonable time within which to find a purchaser, and if the buyer had knowledge of the character of the property and of the uses to which it might be put.'" (*Ibid.,* at fn. 1.)

The *Pena* court also cited CALJIC No. 14.27, which instructs in relevant part that "An expression of opinion on value by the owner may be considered by you in determining value together with any other evidence bearing on that issue. In determining what weight to give an owner's opinion, you should consider the believability of the owner, the facts or materials upon which the opinion is based and the reasons for the opinions. [¶] An opinion is only as good as the facts and reasons on which it is based. . . . [¶] You are not bound to accept an opinion as conclusive, but you should give to it the weight which you shall find it to be entitled. You may disregard any opinion if you find it to be unreasonable." (See *People v. Pena, supra,* 68 Cal.App.3d at p. 102, fn. 1; *Miller v. People* (1977) 193 Colo. 415, 417-**418** [When determining the value of credit cards for purposes of a theft prosecution "[w]here there is no legal market, evidence of the illegal market price and other objective evidence may be considered"].)

Here, the trial court held an evidentiary hearing and made a factual determination on the value of the property. After allowing the parties to present evidence and argument

on the value of the credit card and other stolen items, the court reasonably found that defendant did not meet his burden of proving the value of the stolen property associated with his conviction was not more than $950. By pleading guilty to felony theft in 2014 (§ 496, subd. (a)), defendant admitted the elements of the crime, defendant's attorney joined in the plea, and the trial court approved it, finding there was a factual basis for the plea. At the time of defendant's plea and conviction for receipt of stolen property, section 496, subdivision (a), stated in relevant part that "Every person who buys or receives any property that has been stolen . . . shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the district attorney . . . determines that this action would be in the interests of justice, the district attorney . . . may, if the value of the property does not exceed nine hundred fifty dollars ($950), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (Former § 496, subd. (a).)

The complaint in the instant case charged the offense of receipt of stolen property as a felony, not a misdemeanor, and defendant pled guilty to committing the crime of felony receipt of stolen property. Since the crime was not alleged as a misdemeanor and defendant agreed to plead guilty to the crime as a felony, it can be reasonably inferred that the parties agreed the value of the stolen property exceeded $950. In addition, during the resentencing hearing, it was undisputed the credit card limit exceeded $950, which the trial court took into consideration in determining the value of the stolen property. The court noted that no one disputed that the credit card limit was over $950. Defendant's

9

attorney acknowledged that he did not know what the value of the credit card was, what the credit card limit was, or how much credit was available on the credit card.

Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, defendant has the burden of establishing eligibility for resentencing. (*People v. Perkins, supra,* 244 Cal.App.4th at p. 136.) "In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. [Citations.] The defendant must attach information or evidence necessary to enable the court to determine eligibility." (*Id.* at pp. 136-137.) Defendant has not adequately done this in the instant case. Because defendant has not presented sufficient admissible evidence establishing that the value of the stolen wallet, checkbook, and credit card is $950 or less, defendant has failed to meet his burden of proof that he qualifies for resentencing.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
                                                                J.

We concur:

<u>RAMIREZ</u>
                P. J.

<u>McKINSTER</u>
                J.

10