Filed 9/27/16  P. v. Ruiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MIGUEL ANGEL GALLO RUIZ,<br><br>　　Defendant and Appellant. | H041767<br>(Monterey County<br>Super. Ct. Nos. SS141057 &<br>SS141969) |

Defendant Miguel Angel Gallo Ruiz appeals from an order denying his petition to resentence his two felony convictions for vehicle theft as misdemeanors pursuant to Proposition 47.  (Pen. Code § 1170.18, subd. (a)).  On appeal, defendant asserts that the trial court erred in denying his petition based on its finding that he was ineligible for Proposition 47 relief.

### STATEMENT OF THE CASE

This appeal involves two separate superior court cases.  In April 2014, defendant stole a 1991 Mazda Navajo and he was arrested.  In case No. SS141057A, defendant was charged with unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)), and with misdemeanor resisting, obstructing or delaying a public officer in the performance of his or her duties (Pen. Code, § 148, subd. (a)(1)).  In May 2014, defendant pleaded no contest to the charges against him, on condition that he would be ordered to complete

felony probation. In June 2014, the trial court suspended imposition of sentence and placed defendant on felony probation for three years, with various terms and conditions.

In July 2014, defendant stole a 1994 Toyota Camry and he was arrested. In case No. SS141969A, defendant was charged with unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and with misdemeanor possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)). The complaint also alleged the enhancement allegation that appellant had a prior auto theft conviction (Pen. Code, § 666.5, subd. (a); Veh. Code, § 10851, subd. (a)). In September 2014, defendant pleaded no contest to the vehicle theft charge, and admitted his prior vehicle theft conviction; the misdemeanor drug paraphernalia offense was dismissed.

In December 2014, defendant filed a petition asking the court to resentence his two felony convictions for violating Vehicle Code section 10851 in case Nos. SS141969A and SS141057A as misdemeanors in accordance with Proposition 47. The trial court denied defendant's Proposition 47 petition. In case No. SS141057A, the court reinstated defendant on probation. In case No. SS141969A, the court suspended imposition of sentence and placed defendant on three years' felony probation, with the condition that he serve 227 days in county jail, with 227 days of credit for time served.

DISCUSSION

Defendant argues that the trial court erred in denying his petition to have his vehicle theft convictions resentenced as misdemeanors pursuant to Proposition 47. He argues that voters intended that the crime of theft of a vehicle valued at $950 or less be included in the sentencing reforms of Proposition 47. In addition, defendant asserts that the court's denial of his Proposition 47 petition violated his right to equal protection under the California Constitution.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47

2

"reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)).

Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18, subdivision (a) specifies that a person may petition for resentencing in accordance with Penal Code section 490.2.

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

The question of whether defendant is eligible for resentencing is dependent upon whether defendant would have been guilty of misdemeanors if Proposition 47 had been in effect in April 2014 when he stole the 1991 Mazda Navajo, and in July 2014, when he stole the 1994 Toyota Camry. Penal Code section 490.2, subdivision (a) provides, in part: "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." Nothing in the plain language of the statute—which covers "*any property* by theft"—excludes the theft of a

3

vehicle. Thus, if defendant stole vehicles with values of $950 or less, those offenses would be misdemeanors under Penal Code section 490.2.

While Proposition 47 does not list Vehicle Code section 10851 by name or number, the plain language of Penal Code section 490.2 unambiguously includes conduct prohibited under Vehicle Code section 10851. Vehicle Code section 10851, subdivision (a), punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . ." Nothing in this statute addresses the value of vehicles that are taken or driven. Thus, Vehicle Code section 10851 includes the taking of a vehicle worth $950 or less by a person who intends to permanently deprive the owner of his or her title to or possession of the vehicle. But, "[n]otwithstanding . . . any other law defining grand theft," Penal Code section 490.2 now punishes the theft of a vehicle worth $950 or less as a misdemeanor.

Vehicle Code section 10851 prohibits the driving or taking of a vehicle "with intent either to permanently or temporarily deprive the owner" of possession. (§ 10851, subd (a).) Our California Supreme has held, "[Vehicle Code section 10851] defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under section 10851[, subdivision] (a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction . . . ." (*People v. Garza* (2005) 35 Cal.4th 866, 871, original italics.) It follows that if a person took a vehicle worth $950 or less with the intent to permanently deprive the owner of its possession, such conduct is now petty theft, and the conviction is eligible for resentencing as a misdemeanor under Proposition 47.

4

Our appellate courts are in disagreement over the issue of whether theft convictions under Vehicle Code section 10851 can be eligible for Proposition 47 relief, and we have not yet received guidance from the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 9, 2016, S232250; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150; *People v. Gomez* (Aug. 20, 2009, E062867) rehg. granted Jan. 11, 2016, subsequent opn. not certified for pub. Mar. 15, 2016, review granted May 25, 2016 [2009 WL2581321]; see also, *People v. Orozco* (Aug. 8, 2008, D067313) rehg. granted Feb. 8, 2016, subsequent opn. not certified for pub. May 25, 2016, petn. for review filed Jul. 1, 2016 [2008 WL 3198770].) Until we receive guidance from the Supreme Court, we will follow our reasoning in previous cases, and hold that a conviction of theft of a vehicle valued at under $950 under Vehicle Code section 10851 is eligible for resentencing under Proposition 47.

Here, defendant's argument that his two convictions of vehicle theft should be reduced to misdemeanors is premised on the assumption that the 1991 Mazda Navajo, and the 1994 Toyota Camry were each worth $950 or less. However, defendant made no attempt in his petition in the trial court to establish the value of either of the cars.

The value of a stolen item is measured by the fair market value of the item at the time and place of its theft. (*People v. Pena* (1977) 68 Cal.App.3d 100, 102-104; Pen. Code § 484, subd. (a); CALCRIM No. 1801.) There is nothing in the record to show that in 2014, the Mazda and the Toyota that defendant sole were each worth $950 or less. The value of a vehicle cannot be established by inference based on the car's age at the time of the theft. Defendant must provide evidence in the trial court to establish the cars' value. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition could contain "at least" the petitioner's testimony regarding the stolen item].)

5

Because the record does not show that the stolen cars were each worth $950 or less, defendant has failed to demonstrate error, and we must affirm.[1] We will affirm without prejudice. We note that a petition containing a declaration regarding the fair market value of the vehicle could be sufficient to set the matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

## DISPOSITION

The order denying defendant's petition to resentence his Vehicle Code section 10851 convictions to misdemeanors pursuant to Proposition 47 petition is affirmed without prejudice to subsequent consideration of a petition that demonstrates that the stolen cars were each valued at $950 or less.

---

[1] Given this result, we need not address defendant's argument that it would violate equal protection principles to treat his conduct differently under Vehicle Code section 10851 as compared with Penal Code section 490.2.

6

_____
RUSHING, P.J.

WE CONCUR:


_____
PREMO, J.


_____
GROVER, J.

7