Filed 9/27/16  P. v. Moreno CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS MORENO,<br><br>    Defendant and Appellant. | H042620<br>(Monterey County<br> Super. Ct. No. SC019321A) |

Defendant Jesus Moreno appeals from an order denying his petition to designate his felony conviction for vehicle theft as a misdemeanor pursuant to Proposition 47. (Pen. Code § 1170.18, subd. (f)).  On appeal, defendant asserts that the trial court erred in denying his petition based on its finding that he was ineligible for Proposition 47 relief.

### STATEMENT OF THE FACTS AND CASE

In December of 1993, defendant took a 1984 Ford Escort without the owner's permission.  As a result, defendant was charged with two counts of carjacking (Veh. Code § 215, subd. (a)), two counts of second degree robbery (Pen. Code, § 211) and one count of taking a vehicle without the owner's consent.  (Veh. Code § 10851, subd. (a).)

In February 1994, defendant pleaded guilty to the violation of Vehicle Code section 10851; all the remaining counts were dismissed.  Defendant was sentenced to 16 months in prison.

In February 2015, defendant filed a petition to designate his felony vehicle theft conviction a misdemeanor pursuant to Proposition 47 (Pen. Code § 1170.18, subd. (f)). The trial court denied the petition on the ground that vehicle theft is not listed among the crimes affected by Proposition 47.

**DISCUSSION**

Defendant argues that the trial court erred in denying his petition to designate his vehicle theft conviction a misdemeanor pursuant to Proposition 47. He argues that voters intended that the crime of theft of a vehicle valued at $950 or less be included in the sentencing reforms of Proposition 47. In addition, defendant asserts that the court's denial of his Proposition 47 petition violated his right to equal protection under both the California Constitution and the Fourteenth Amendment.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)). Penal Code section 1170.18, which was also added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing [or designation of the crimes as misdemeanors]." (*Sherow, supra,* 239 Cal.App.4th at p. 879.)

The question of whether defendant is eligible for relief under Proposition 47 is dependent upon whether defendant would have been guilty of a misdemeanor if the proposition had been in effect in March of 1991 when defendant committed his offense. Penal Code section 490.2 provides, in part: "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a

2

misdemeanor . . . ." (Pen.Code, § 490.2, subd. (a).) Nothing in the plain language of the statute—which covers "*any property* by theft"—excludes the theft of a vehicle. Thus, if defendant stole a vehicle with a value of $950 or less, that offense would have been a misdemeanor under Penal Code section 490.2.

While Proposition 47 does not list Vehicle Code section 10851 by name or number, the plain language of Penal Code section 490.2 unambiguously includes conduct prohibited under Vehicle Code section 10851. Vehicle Code section 10851, subdivision (a) punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . ." Nothing in this statute addresses the value of vehicles that are taken or driven. Thus, Vehicle Code section 10851 includes the taking of a vehicle worth $950 or less by a person who intends to permanently deprive the owner of his or her title to or possession of the vehicle. But, "[n]otwithstanding . . . any other law defining grand theft," Penal Code section 490.2 now punishes the theft of a vehicle worth $950 or less as a misdemeanor.

Vehicle Code section 10851 prohibits the driving or taking of a vehicle "with intent either to permanently or temporarily deprive the owner" of possession. Our California Supreme has held, "[Vehicle Code section 10851] defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under [Vehicle Code] section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction...." (*People v. Garza* (2005) 35 Cal.4th 866, 871, original italics.) It follows that if a person took a vehicle worth $950 or less with the intent to permanently deprive the owner of its

3

possession, such conduct is now petty theft, and the crime is eligible for designation as a misdemeanor under Proposition 47.

Our appellate courts are in disagreement over the issue of whether theft convictions under Vehicle Code section 10851 can be eligible for Proposition 47 reforms, and we have not yet received guidance from the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 9, 2016, S232250; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150; *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted Mar. 16, 2016, S232344; *People v. Gomez* (Aug. 20, 2009, E062867) rehg. granted Jan. 11, 2016, subsequent opn. not certified for pub. Mar. 15, 2016, review granted May 25, 2016 [2009 WL2581321]; see also, *People v. Orozco* (Aug. 8, 2008, D067313) rehg. granted Feb. 8, 2016, subsequent opn. not certified for pub. May 25, 2016, petn. for review filed Jul. 1, 2016 [2008 WL 3198770].) Until we receive guidance from the Supreme Court, we will follow our reasoning in previous cases, and hold that a conviction of theft of a vehicle valued at under $950 under Vehicle Code section 10851 is eligible for designation as a misdemeanor under Proposition 47.

Here, defendant was convicted in 1994 of a violation of Vehicle Code section 10851 for the theft of the 1984 Ford Escort. The question is whether the stolen car was worth $950 or less. Defendant argues that the prosecution has the burden of proving the value of the stolen car. He asserts that while Penal Code section 1170.18, subdivision (f) provides that a person who has served a sentence on a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the conviction may petition the court for designation of that conviction as a misdemeanor. The Proposition does "not specify which party [bears] the burden of proving the amount of the property either exceeded $950 or did not." He argues that we should apply the same

4

rationale from Proposition 36 cases wherein the prosecution has the burden of proving whether a prior conviction constitutes a strike, to Proposition 47 cases where the value of stolen property is subject to evidentiary proof.

The recent case of *Sherow* is directly contrary to defendant's argument. *Sherow* provides that "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for designation or resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*) We reject defendant's contention that the prosecution has the burden of establishing value of stolen property for the purpose of Proposition 47, and adopt the rationale set forth in *Sherow*.

Here, defendant's claim that his conviction should be designated a misdemeanor is premised on the assumption that the 1984 Ford Escort that he stole in 1994 was valued at $950 or less. However, nothing in the record shows that the car was worth $950 or less. A bare assertion regarding the vehicle's value, without any evidence supporting it, is insufficient to establish the vehicle's value. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper resentencing petition could contain "at least" the petitioner's testimony regarding the stolen item].) The value of a stolen item is measured by the fair market value of the item at the time and place of its theft. (*People v. Pena* (1977) 68 Cal.App.3d 100, 102-104; Pen. Code § 484, subd. (a); CALCRIM No. 1801.) There is nothing in the record to show that at the time of the theft, the van was worth $950 or less.

5

Because the record does not show that the stolen 1984 Ford Escort was worth $950 or less, defendant has failed to demonstrate error, and we must affirm.[1] We will affirm without prejudice. We note that a petition containing a declaration regarding the fair market value of the vehicle could be sufficient to set the matter for hearing. (See *Sherow, supra,* 239 Cal.App.4th at p. 880 [a proper Proposition 47 petition "could certainly contain at least" the petitioner's testimony about the stolen item, and on a sufficient showing the trial court "can take such action as appropriate to grant the petition or permit further factual determination"].)

## DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed without prejudice to subsequent consideration of a petition that demonstrates that the stolen vehicle was valued at $950 or less.

---

[1] Given this result, we need not address defendant's argument that it would violate equal protection principles to treat his conduct differently under Vehicle Code section 10851 as compared with Penal Code section 490.2.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

GROVER, J.

7