Filed 9/30/22 P. v. Bogdan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C094169 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-174416) |
| v. | |
| VYACHESLAV OLEGOVICH BOGDAN, | |
| Defendant and Appellant. | |

Defendant Vyacheslav Olegovich Bogdan contends the amount of restitution awarded to the victim of his crimes is not supported by substantial evidence.

We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant stole a recreational vehicle (RV). The RV was being transferred from the manufacturer to the purchasing dealer, and defendant stole it while it was stopped for service. After stealing the RV, defendant went to the Department of Motor Vehicles and

fraudulently transferred the vehicle's title to himself. Law enforcement recovered the RV and returned it to the dealer. Defendant pleaded no contest to vehicle theft and identity theft. (Veh. Code, § 10851, subd. (a); Pen. Code, § 530.5, subd. (a); further undesignated statutory references are to the Penal Code.)

The trial court awarded the dealer restitution. As part of the award, the court awarded $17,700 for economic losses. The dealer could not sell the RV as new because defendant had transferred title to himself, and he had damaged the RV while he possessed it. The trial court based the restitution award on the reduction in the RV's fair market value based on the RV's actual sales price. $17,700 was the difference between the value of the RV as new ($169,700) and the actual price for which the dealer sold the RV after repairing it ($152,000).

Defendant contends the trial court erred by determining the RV's loss of fair market value based on the RV's actual sales price instead of the dealer's listing price. The dealer had listed the RV for sale at $155,900. The RV sold for $3,900 less. Defendant claims insufficient evidence supports the trial court's determination that the additional $3,900 loss in value between the listing price and the sales price was caused by his criminal conduct. He asks this court to reduce the $17,700 award by $3,900 to $13,800.

## DISCUSSION

Defendant has forfeited this claim. He did not object to the trial court's award at the restitution hearing on this ground. (See *People v. Scott* (1994) 9 Cal.4th 331, 351-352.)

Defendant contends his trial counsel rendered ineffective assistance by not objecting to the award on the ground he raises here. Defendant has not established ineffective assistance because he has not demonstrated prejudice. He has not shown there

2

was a reasonable probability the trial court would have issued a restitution award more favorable to him had counsel objected, as any objection would have been futile.

"The trial court has broad discretion in choosing a rational method of calculating the amount of the economic loss suffered by a victim. The goal of direct restitution is to restore the victim to 'the economic status quo.' (*People v. Giordano* (2007) 42 Cal.4th 644, 658, 663-664.) 'A restitution order is intended to compensate the victim for its actual loss and is not intended to provide the victim with a windfall. [Citations.]' (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)" (*People v. Sharpe* (2017) 10 Cal.App.5th 741, 746 (*Sharpe*).)

All types of economic losses are eligible for restitution. (§ 1202.4, subd. (f).) The restitution order must be a dollar amount sufficient to reimburse the victim fully "for every determined economic loss incurred as the result of the defendant's criminal conduct." (§ 1202.4, subd. (f)(3).)

When property is stolen or damaged as a result of criminal conduct, the required restitution is "[f]ull or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible." (§ 1202.4, subd. (f)(3)(A).)

Despite this statutory language, basing restitution on fair market value is appropriate in certain circumstances. A panel of this court held that awarding the fair market value was not an abuse of discretion where the victim retained and repaired the damaged property, but the repairs did not restore the property to its prior value. (*Sharpe, supra*, 10 Cal.App.5th at pp. 746-747 [amount of damaged truck's loss of value, determined as the difference between its prior fair market value and its salvage value, was appropriate method for determining restitution amount].)

The trial court here utilized the fair market value method in circumstances similar to those in *Sharpe*. Defendant does not contest the trial court's use of the fair market value method per se. Rather, he contends counsel should have objected to the award

3

because no evidence in the record supports the trial court's determination that the RV's sales price, as opposed to its listing price, accurately represents the loss of value his conduct caused. He offers no argument other than to assert that substantial evidence does not support the court's utilization of the RV's sales price.

Substantial evidence supports the trial court's determination. The sole witness at the restitution hearing was the dealer's office manager. She testified the dealer could not sell the RV as new and had to sell it as used because defendant had previously registered it. The previous registration rendered the RV used, and that fact resulted in the price difference between the value of a new identical RV and the recovered RV. In other words, defendant's crimes were the cause of the total amount of the RV's loss of value.

Armed with this evidence, the trial court did not abuse its discretion in basing the RV's fair market value on the actual sales price. By statute, for theft crimes that have a value threshold, the test for determining the stolen property's value is the item's "reasonable and fair market value." (§ 484, subd. (a); *People v. Romanowski* (2017) 2 Cal.5th 903, 914.) In that context, " 'fair market value' means the highest price obtainable in the market place rather than the lowest price or the average price." (*People v. Pena* (1977) 68 Cal.App.3d 100, 104.) "When you have a willing buyer and a willing seller, neither of whom is forced to act, the price they agree upon is the highest price obtainable for the article in the open market." (*Ibid*.) The trial court was well within its discretion to calculate the RV's loss of value based on this long-accepted and rational method for determining fair market value in cases of theft—the highest price agreed to by a willing seller and a willing buyer.

It is true that "[i]n the absence of proof . . . that the price charged by a retail store from which merchandise is stolen does not accurately reflect the value of the merchandise in the retail market, that price is sufficient to establish the value of the merchandise within the meaning of sections 484 and 487." (*People v. Tijerina* (1969) 1 Cal.3d 41, 45.) Here, however, the sales price is proof of the RV's actual fair market

value in the retail market, and the trial court did not abuse its discretion relying upon that price.

Accordingly, defendant suffered no prejudice when his trial counsel did not object to the court's method for determining fair market value. Any such objection would have been futile. "Counsel does not render ineffective assistance by failing to make motions or objections that counsel reasonably determines would be futile." (*People v. Price* (1991) 1 Cal.4th 324, 387.)

DISPOSITION

The victim restitution award is affirmed.

———————————————
HULL, Acting P. J.

We concur:

———————————————
MAURO, J.

———————————————
KRAUSE, J.