Filed 9/27/16  P. v. Winter CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANK ALLEN WINTER,<br><br>    Defendant and Appellant. | H042007<br>(Santa Clara County<br>Super. Ct. No. C1476826) |

Defendant Frank Allen Winter appeals from an order denying his petition to resentence his felony conviction for vehicle theft with a prior (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5) a misdemeanor pursuant to Proposition 47.  (Penal Code, § 1170.18, subd. (a)).  On appeal, defendant asserts that the trial court erred in denying his petition based on its finding that he was ineligible for relief under Proposition 47.

### STATEMENT OF THE FACTS AND CASE

On January 1, 2013, the victim reported that her 1996 Honda Accord had been stolen.  The victim told police that the car was worth $2,000.  The next day, the police located the car, and saw defendant enter the car and drive off.  The police attempted to stop the car, but defendant fled at a high rate of speed.  One of the officers identified defendant as the driver of the stolen car.  When the police contacted the victim, she told them that she did not know defendant and had not given him permission to drive her car.

On January 11, 2013, defendant was arrested for vehicle theft, admitted that he had used drugs a few hours earlier, and that an acquaintance of his sold the Honda to a dealership for $300. The police recovered the stolen car on January 12, 2013.

In February 2014, defendant was charged with driving or taking away a vehicle with a prior conviction (Veh. Code, § 10851, subds. (a), (e); Pen. Code, § 666.5); buying or receiving a stolen motor vehicle (Pen. Code, §§ 496d, 666.5); fleeing a pursuing peace officer's motor vehicle (Veh. Code, § 2800.1, subd. (a)); being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)); and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364.1). The information also alleged that defendant had served prison terms for three prior convictions. (Pen. Code, § 667.5, subd. (b).)

In September 2014, defendant pleaded no contest to all of the charges with the exception of buying or receiving a stolen vehicle, which was dismissed by the prosecutor as a condition of the plea. Defendant was sentenced to a prison term of one year, to be served consecutively with the prison term from a prior conviction.

In January 2015, defendant filed a petition pursuant to Proposition 47 (Pen. Code, § 1170.18, subdivision (a)), to have his vehicle theft conviction reduced to a misdemeanor. On January 21, 2015, the court denied defendant's petition, and defendant filed a notice of appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his petition to resentence his vehicle theft conviction as a misdemeanor pursuant to Proposition 47. He argues that voters intended that the crime of theft of a vehicle valued at $950 or less be included in the sentencing reforms of Proposition 47. In addition, defendant asserts that the court's denial of his Proposition 47 petition violated his right to equal protection under both the California Constitution and the Fourteenth Amendment.

2

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 "reduced the penalties for a number of offenses." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)).

Penal Code section 1170.18, which was added by Proposition 47, "creates a process where persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 879.) Penal Code section 1170.18, subdivision (a) specifies that a person may petition for resentencing in accordance with Penal Code section 490.2.

"[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based." (*Id.* at p. 880.) If the crime under consideration is a theft offense, " 'the petitioner will have the burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.)

The question of whether defendant is eligible for resentencing under Proposition 47 is dependent upon whether defendant would have been guilty of a misdemeanor if the proposition had been in effect in January of 2013 when defendant committed his offense. Penal Code section 490.2, subdivision (a) provides, in part: "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or

personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." Nothing in the plain language of the statute—which covers "*any property* by theft"—excludes the theft of a vehicle. Thus, if defendant stole a vehicle with a value of $950 or less, that offense would have been a misdemeanor under Penal Code section 490.2.

While Proposition 47 does not list Vehicle Code section 10851 by name or number, the plain language of Penal Code section 490.2 unambiguously includes conduct prohibited under Vehicle Code section 10851. Vehicle Code section 10851, subdivision (a) punishes "[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . ." Nothing in this statute addresses the value of vehicles that are taken or driven. Thus, Vehicle Code section 10851 includes the taking of a vehicle worth $950 or less by a person who intends to permanently deprive the owner of his or her title to or possession of the vehicle. But, "[n]otwithstanding . . . any other law defining grand theft," Penal Code section 490.2 now punishes the theft of a vehicle worth $950 or less as a misdemeanor.

Vehicle Code section 10851 prohibits the driving or taking of a vehicle "with intent either to permanently or temporarily deprive the owner" of possession. Our California Supreme has held, "[Vehicle Code section 10851] defines the crime of unlawful driving *or* taking of a vehicle. Unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession is a form of theft, and the taking may be accomplished by driving the vehicle away. For this reason, a defendant convicted under [Vehicle Code] section 10851[, subdivision] (a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a theft conviction . . . ." (*People v. Garza* (2005) 35 Cal.4th 866, 871, original italics.) It

4

follows that if a person took a vehicle worth $950 or less with the intent to permanently deprive the owner of its possession, such conduct is now petty theft, and the conviction is eligible for resentencing as a misdemeanor under Proposition 47.

Our appellate courts are in disagreement over the issue of whether theft convictions under Vehicle Code section 10851 can be eligible for Proposition 47 resentencing, and we have not yet received guidance from the California Supreme Court. (See *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted Mar. 9, 2016, S232250; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150; *People v. Gomez* (Aug. 20, 2009, E062867) rehg. granted Jan. 11, 2016, subsequent opn. not certified for pub. Mar. 15, 2016, review granted May 25, 2016 [2009 WL2581321]; see also, *People v. Orozco* (Aug. 8, 2008, D067313) rehg. granted Feb. 8, 2016, subsequent opn. not certified for pub. May 25, 2016, petn. for review filed Jul. 1, 2016 [2008 WL 3198770].) Until we receive guidance from the Supreme Court, we will follow our reasoning in previous cases, and hold that a conviction of theft of a vehicle valued at under $950 under Vehicle Code section 10851 is eligible for resentencing under Proposition 47.[1]

Here, defendant presented no facts or evidence in his petition in the trial court to establish that the stolen car was worth $950 or less. The value of a stolen item is measured by the fair market value of the item at the time and place of its theft. (*People v. Pena* (1977) 68 Cal.App.3d 100, 102-104; Pen. Code, § 484, subd. (a); CALCRIM No. 1801.) There is nothing in the record to show that at the time of the theft, the car was worth $950 or less. Indeed, the only reference in the record regarding the value of the

---

[1] Because we find that a conviction for violation of Vehicle Code section 10851 is eligible for resentencing as a misdemeanor under Proposition 47, we need not consider defendant's equal protection arguments.

5

stolen car was the court's finding that it was worth $2,000 based on information in the police report.

Defendant argues that by making a factual finding that the stolen car was worth $2,000, the trial court violated his Sixth Amendment right to a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*). He contends the facts showing him ineligible for resentencing must be pleaded and proved to a jury beyond a reasonable doubt.

Cases considering the right to a jury trial in the context of Proposition 36 provide guidance on the issue. The court in *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279 (*Kaulick*), considered whether a defendant is entitled to a jury trial for the finding of dangerous in for the purpose of resentencing under Proposition 36. Based on *Dillon v. United States* (2010) 560 U.S. 817 (*Dillon*), the *Kaulick* court rejected that argument. The court held that under *Dillon*, "a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do[es] not apply to limits on *downward* sentence modifications due to intervening laws." (*Kaulick, supra*, 215 Cal.App.4th at p. 1304 [emphasis added].) The court concluded that "[a]ny facts found at such a [resentencing] proceeding, such as dangerousness, do not implicate Sixth Amendment issues." (*Id*. at p. 1305.)

The First District Court of Appeal recently applied the same reasoning to a trial court's finding of property value in the context of a resentencing petition under Proposition 47. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 452 (*Rivas-Colon*).) Based on *Kaulick* and *Dillon*, the court in *Rivas-Colon* concluded that the petitioner had no right to a jury trial on the issue. We find the First District's reasoning persuasive, and we reach the same conclusion here.

Defendant argues alternatively that the information in the police report that the stolen car was worth $2,000 was outside of the record of conviction, and could not be

considered by the court in deciding defendant's eligibility for resentencing. Defendant relies on *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*) for this proposition. In *Bradford*, the court considered a trial court's fact-finding process in adjudicating a Proposition 36 petition for resentencing. The trial court found defendant had used a deadly weapon in the commission of the underlying offense, making him ineligible for resentencing under Penal Code 1170.12, subdivision (c)(2)(C)(iii). As a basis for this finding, the trial court looked to the facts set forth in the court of appeal's prior opinion on direct appeal, which stated that the defendant had used a pair of wire cutters during the offense. In defendant's appeal from the denial of his resentencing petition, the court of appeal held that the trial court erred by looking to the facts in the original opinion on appeal. The appellate court compared the fact-finding required for determining eligibility to the type of finding required to determine whether a prior conviction meets the requirements for a sentencing enhancement. (See, e.g., *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*) [trier of fact may look to entire record of conviction to determine whether prior conviction constitutes a "serious felony"].)

Based on *Guerrero* and its progeny, the *Bradford* court held that "the trial court must determine the facts needed to adjudicate eligibility based on evidence obtained solely from the record of conviction." (*Bradford, supra*, 227 Cal.App.4th at p. 1327.) While courts disagree on the precise scope of the documents included in a " 'record of conviction,' " courts generally agree that police reports are excluded. (*Draeger v. Reed* (1999) 69 Cal.App.4th 1511, 1521.)

In *People v. Perkins* (2016) 244 Cal.App.4th 129 (*Perkins*), the Fourth District Court of Appeal considered *Bradford's* holding in the context of a Proposition 47 petition. There, the trial court found the defendant ineligible for resentencing on the ground that the value of the stolen property exceeded $950. On appeal, the defendant cited *Bradford* for the proposition that the trial court improperly relied on evidence

7

outside the record of conviction. The court of appeal rejected this argument. The court distinguished *Bradford* based on the difference between the required eligibility finding under Proposition 36 and the required factual finding under Proposition 47: "[E]ligibility for resentencing under [Propositon 36] turns on the nature of the petitioner's convictions—whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain other defined offenses. [Citation.] By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property. In most such cases, the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value. For that reason, and because petitioner bears the burden on the issue [citation], we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases." (*Perkins, supra,* 244 Cal.App.4th at p. 140, fn. 5.)

We find the reasoning of *Perkins* persuasive. The record in this case shows that the stolen car was worth $2,000. As a result, defendant is not eligible for resentencing under Proposition 47.[2]

## DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed.

---

[2] Because we find that defendant's vehicle theft conviction is ineligible for reclassification to a misdemeanor, we need not consider respondent's arguments regarding recidivism.

                                 _____

                                           RUSHING, P.J.

WE CONCUR:

_____

               PREMO, J.

_____

               GROVER, J.